IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORJA BENTLEY | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1122 |
| ROY HAGER | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1331 |
| PHILLIP DIVERGIGELIS | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1333 |
| RONALD BURTON | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1334 |
| STEPHEN TSOPANIS | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1335 |
| WANDA YOUNG | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1336 |

| DOROTHY SPEARS | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1337 |

| VICKI LING | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1338 |

| DARLENE HARRIS | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1339 |

| ELIZABETH BANJACK | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1340 |

MEMORANDUM

Bartle, J.  May 26, 2017

Plaintiffs from various states originally filed these ten separate lawsuits against defendants Merck & Co., Inc., Merck Sharp & Dome, Inc. (collectively "Merck"), and Ann Redfield, an employee of Merck, in the Court of Common Pleas of Philadelphia County. The cases all allege that the plaintiffs were treated with Merck's drug Zostavax, which is designed to prevent shingles, and that they suffered various injuries or

illnesses as a result.  All claims for relief are grounded in state law.

I.

The defendants timely removed all ten lawsuits to this court pursuant to 28 U.S.C. § 1441(b), and plaintiffs have now moved to remand them to the state court.  See 28 U.S.C. § 1447(c).  Defendants maintain that diversity of citizenship exists and the requisite amount in controversy is satisfied as mandated under 28 U.S.C. § 1332(a)(1).  Merck and its subsidiary are deemed to be citizens of New Jersey since they are incorporated and have their principal places of business in that state.  See 28 U.S.C. § 1332(c).  The defendant Redfield is a citizen of Pennsylvania.

In eight of the actions, plaintiffs are citizens of Pennsylvania.  In the ordinary course, this would leave the court without subject matter jurisdiction since complete diversity of citizenship between plaintiffs and defendants is lacking.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  The defendants counter that Redfield was fraudulently joined and thus must be dismissed as a party.

In the two other cases, Bentley and Young, the plaintiffs are citizens of Nevada and Missouri, respectively. Here complete diversity exists even with Redfield as a defendant.  Plaintiffs argue, however, that these two cases were

improperly removed because removal of an action where one of the defendants is a citizen of the forum state is not permitted. See 28 U.S.C. § 1441(b)(2). Defendants again argue fraudulent joinder and also invoke the exception that removal is proper if it occurs before the in-state defendant is served with the complaint. See Valido-Shade v. Wyeth, LLC, 815 F. Supp. 2d 474 (E.D. Pa. 2012)

II.

The burden is on the defendants to establish fraudulent joinder. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). While we "must resolve all contested issues of substantive fact in favor of plaintiff," we do not take this to mean we must blindly accept whatever plaintiffs must say no matter how incredible or how contrary to the overwhelming weight of the evidence. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). We are also cognizant that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010, (3d Cir. 1987). Nonetheless, we are mindful of the Supreme Court's decision in Wilson. The Court held that if a defendant asserts in its removal papers that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts on this issue. Wilson, 257 U.S. at 98.

Our Court of Appeals on at least three occasions has declared that fraudulent joinder exists if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, <u>or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment</u>. (Emphasis added). <u>Boyer</u>, 913 F.2d at 111; <u>In re Briscoe</u>, 448 F.3d 201, 216 (3d Cir. 2006); <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 32 (3d Cir. 1985).

In their Notices of Removal, defendants assert that plaintiffs have no real intention in good faith to prosecute the actions against Redfield. In support, defendants cite in their Notices a court approved stipulation that had occurred in <u>Juday v. Merck Co., Inc</u>, No. 16-1547 (E.D. Pa. filed April 5, 2016), which had been filed in this court prior to the present cases. <u>Juday</u>, like these other cases, alleged personal injuries as a result of Merck's shingles vaccine and named Redfield as a defendant. After defendants filed a motion to dismiss Count VI of the Complaint in <u>Juday</u>, the only count against her, the plaintiffs and defendants entered into a stipulation dismissing with prejudice "all claims asserted against defendant Redfield." The court approved the Stipulation on August 10, 2016. The claims in <u>Juday</u> against Redfield were no different than the claims against her in these ten pending cases. Significantly,

the plaintiffs' attorney in Juday was the same attorney representing all of the plaintiffs here.

In their motions to remand, the plaintiffs are silent with respect to the agreement in Juday to dismiss the claims against Redfield.  The attorneys for plaintiffs do not say why they entered into a stipulation of dismissal in Juday but not in the other cases.  We note that in Juday, which was initially filed in the federal court, the presence of Redfield, a Pennsylvania citizen, would not defeat this court's diversity jurisdiction since the plaintiffs were citizens of Indiana.  Thus, her dismissal had no effect on federal subject matter jurisdiction.  In contrast, if plaintiffs' arguments against fraudulent joinder and against removal of cases with an in-state defendant are correct, her continued presence as a defendant in these ten cases would require remand.

Plaintiffs without question allege serious injuries and are seeking significant damages.[1]  For example, according to her complaint, plaintiff Jorja Bentley suffers "from injuries to her right eye, elevated blood pressure, headaches and dizziness" as well as "mental and emotional distress."  Another complaint,

---

1.  All parties agree that the damages sought in each of these cases exceed $150,000, exclusive of interest and costs. Otherwise, they would be submitted initially to the court's arbitration program for resolution.  See Local Rules of Civil Procedure for the Eastern District of Pennsylvania, Rule 53.2. Thus, plaintiffs at a minimum are seeking in total in excess of $1,500,000 in these ten cases.

that of Roy Hager, alleges that he suffered "from post-herpetic neuralgia and will continue to suffer nerve damage" as well as "pain and suffering" and "mental anguish."  The court can take judicial notice that Merck billions of dollars in assets so that the need to sue and secure judgments against Redfield has no apparent explanation except as an effort to avoid diversity jurisdiction.

We find that the only reason plaintiffs have joined Redfield as a defendant is to defeat this court's subject matter jurisdiction and that they have no real intention in good faith to prosecute these actions against her to judgment.  We reach this compelling finding in light of the stipulation of dismissal of Redfield in Juday and the plaintiffs' retention of Redfield in the other similar cases where the same counsel represents all the plaintiffs.  Plaintiffs' attorney conceded this inconsistency at oral argument and offered no explanation for it other than that the dismissal of Redfield in Juday would not affect this court's jurisdiction.  He also stated candidly in answer to a question from the court that plaintiffs have no intention of pursuing judgments against Redfield in light of the presence of Merck.[2]  In sum, defendants have met their heavy burden to establish that the joinder of Redfield as a defendant

---

2. Plaintiffs' attorney also stated that he wants to take the deposition of Redfield.  This can be done in due course without her being a party.

was a sham designed to defeat this court's subject matter jurisdiction.  See In re Diet Drugs Product Liability Lit., 220 F. Supp. 2d 414, 420-22 (E.D. Pa. 2002).  Both the Supreme Court and our Court of Appeals have made it plain that joinder under such circumstances is improper and cannot be used to undermine this court's power to adjudicate an action where diversity of citizenship between or among the parties and the requisite amount in controversy otherwise exists, as they do here.

III.

In sum, we have found that Redfield was fraudulently joined as a defendant because plaintiffs have no real intention in good faith to prosecute these ten actions against her to seek a joint judgment.  Accordingly, we need not reach the additional arguments raised by defendants to sustain removal or consider the plaintiffs' arguments about an in-state defendant in support of remand.

The motion of plaintiffs to remand these actions to the Court of Common Pleas of Philadelphia County will be denied, and the complaints as to defendant Ann Redfield will be dismissed.